

**NUMBER 13-12-00290-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**RICHARD THOMAS A/K/A DEVON KELLIE,**                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                    **Appellee.**

---

**On appeal from the 252nd District Court
of Jefferson County, Texas.**

---

# MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

This is an appeal from an order revoking unadjudicated community supervision and adjudicating guilt. Appellant Richard Thomas a/k/a Devon Kellie was placed on deferred probation for the state jail felony offense of burglary of a building. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). The State filed a motion to revoke Thomas's

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

probation, and after Thomas pleaded true to driving while intoxicated, the trial court revoked his community supervision, adjudicated his guilt, and sentenced him to two years' confinement in the state jail. Thomas appeals from this judgment.

Determining that there are no meritorious issues for appeal, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. COMPLIANCE WITH *ANDERS*[2]

Pursuant to *Anders v. California,* Thomas's counsel filed a brief and a motion to withdraw with this Court stating that he has diligently reviewed the appellate record and that, in his opinion, there are no meritorious issues for appeal. *See* 386 U.S. 738, 744-45 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Thomas's counsel has carefully discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error and, in his opinion, there are no grounds upon which an

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

appeal can be predicated.    Counsel specifically noted, from his review of the following, that he found no appealable issues for this Court to review:    (1) the grand jury proceedings; (2) pretrial motions; (3) the research and investigation done by the trial attorney and by Thomas; (4) competency; (5) sentencing; (6) the right to present evidence during the guilt/innocence and punishment stages; (7) the right to appeal; and (8) the judgment.    Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to advance on appeal; (2) serving a copy of the brief on Thomas; (3) informing Thomas of his right to review the record and to file a pro se response;[3] and (4) providing Thomas with a copy of the record.    *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.    More than an adequate time has passed, and Thomas has not filed a pro se response.    *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous.    *Penson v. Ohio*, 488 U.S. 75, 80 (1988).    We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal.    *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of

---

[3] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.   Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."   *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on July 2, 2012. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Thomas and to advise Thomas of his right to pursue a petition for review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 16th
day of August, 2012.

---

[4] No substitute counsel will be appointed. Should Thomas wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2, 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.